Rowena Santos (SBN CA 210185)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
santosro@gtlaw.com

James N. Boudreau (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Telephone: 215.988.7800
Facsimile: 215.988.7801
boudreauj@gtlaw.com

Attorneys for Defendant
LONGS DRUG STORES CALIFORNIA, LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWEED ASSAR, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>LONGS DRUG STORES CALIFORNIA, LLC,<br><br>        Defendant. | CASE NO.  2:19-cv-02086-KJM-KJN<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**<br><br>JUDGE:    Hon. Kimberly J. Mueller |

**IT IS HEREBY STIPULATED AND AGREED** by and between Jaweed Assar ("Plaintiff") and Longs Drug Stores California, LLC ("Defendant" and together with Plaintiff, the "Parties"), by and through their undersigned counsel, that the Parties agree to the terms of this Confidentiality Agreement and Stipulated Protective Order ("Stipulated Order") and state as follows:

1. **Purpose.** The purpose of this Stipulated Order is to prevent the disclosure of matters deemed confidential under the terms of this Stipulated Order to persons or entities other than those involved in the prosecution or defense of this case (the "Litigation") and to facilitate the exchange of information between the Parties. This Stipulated Order is necessary to protect both the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard business and proprietary information. The Parties agree that confidential and proprietary business information related to Defendant's business and contracts; tax and financial information; and other private and confidential documents regarding the Parties and non-parties will be exchanged during the course of discovery and should be protected from disclosure outside of this Litigation.

2. **Confidential Information.** The Parties agree that certain categories of non-public documents and information produced or disclosed during this Litigation shall be used for purposes of this Litigation only and will be treated as confidential. The Parties have further agreed that this information shall specifically include the following:

   a. Pursuant to Local Rule 141.1(c)(1), the term "Confidential Information" shall include:
      i. information or tangible things that constitute commercially sensitive, proprietary, financial or trade secret information and qualify for protection under Rule 26(c), including, but not limited to, proprietary manuals, proprietary training materials, documents reflecting proprietary databases, and documents reflecting financial information; and,
      ii. confidential, non-public personal information that is protected from disclosure by statute, regulation, or agreement.
   b. Pursuant to Local Rule 141.1(c)(2), materials designated as Confidential pursuant to Paragraph 2(a)(i) require protection to ensure that information created by a party for its own

      purpose and benefit and sensitive financial information are not disclosed or otherwise accessible by competitors so as to prevent unfair business advantage.

  c. Additionally, materials designated as Confidential pursuant to Paragraph 2(a)(ii) require protection to ensure that non-public personal information of third-parties (i.e., other current and/or former employees of Defendant), including personnel records, personal financial information, and/or protected health information, are not used or otherwise disclosed outside the context of this Litigation so as to prevent embarrassment and breach of privacy and/or other rights.

  d. Pursuant to Local Rule 141.1(c)(3), the Parties seek a protective order, as opposed to entering into a private agreement, because this Stipulated Order, which outlines the parameters for designating and handling Confidential Information, provides clear mechanisms for resolving disputes with the Court.

  e. The terms of this Stipulated Order shall apply to all confidential documents produced by the Parties in this case, any depositions of the Parties or Defendant's employees, past or present, any interrogatory answers designated confidential, and information gathered, obtained, recorded, analyzed, or summarized by expert witnesses, including any expert reports or other written materials prepared by expert witnesses in connection with the above-captioned case.

  f. This Stipulated Order shall not apply to information that is available to the public or to information that is lawfully obtained from sources other than the Parties through the discovery process.

**3.** **<u>Designation of Information and Documents as Confidential.</u>** Counsel may designate in writing as confidential any information or documents produced by them, any answer provided by them to any interrogatory or other written response to any discovery allowable under the Federal Rules of Civil Procedure, as well as portions of any deposition testimony by past or present employees or agents and/or any other proprietary or private information produced or provided by them during the course of this litigation as "Confidential." With respect to documents or written responses to discovery requests, such designation shall be made conspicuously by stamping each page of said documents or, where appropriate,

the written responses as "Confidential." With respect to deposition testimony and deposition exhibits, the parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. The Parties shall exercise their best efforts to designate specific page and line references subject to such protection and shall not designate entire depositions as confidential without prior Court approval. Confidential Information within the deposition transcript may be so designated by underlining the portions of the pages that are confidential and marking such pages with the legend specified in Paragraph 2 of this Stipulated Order. Until expiration of the thirty (30) day period, the entire deposition shall be treated as subject to protection against disclosure under this Stipulated Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits shall be treated as Confidential. All documents and written or oral responses so designated as confidential or protected shall be subject to the provisions below.

    **4.** **Non-Disclosure of Confidential Information.** Except with the prior written consent of the Party that produced it, or as otherwise provided under this Stipulated Order, no Confidential Information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in this Stipulated Order. Under no circumstances may protected information be used for any purpose other than for those purposes necessary to this Litigation only (which includes mediation, facilitation, and appeals).

    **5.** **Permissible Disclosures.** Confidential Information may be disclosed to:

    a.    Each Party;

    b.    Counsel for the Parties in this action who are actively engaged in the conduct of this Litigation;

    c.    The partners, members, shareholders, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the Litigation;

    d.    Retained consultants or experts (testimonial and non-testimonial) and employees of said parties directly involved in the prosecution or defense of this litigation;

    e.    Persons giving testimony in this litigation. A deponent during the deposition may be shown, and examined about, stamped confidential documents. Deponents shall not

        retain or copy portions of the transcript of their depositions that contain confidential information, or documents not provided by them or the entities they represent, unless they sign or verbally agree on the deposition record to the conditions prescribed in this Stipulated Order. A deponent who is not a party or a representative of a party shall be furnished a copy of this Stipulated Order before his or her deposition.

    f.    Court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    g.    Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing the parties; and

    h.    Persons (other than the Parties) preparing to give testimony, including testimony during depositions, in this litigation to the extent reasonably necessary for such purposes.

Before disclosing protected information to any person described in subparagraphs (e) and (h) of this Paragraph, each person (excluding individuals who are party to this litigation) shall be advised of this Stipulated Order and that they are required to keep any and all Confidential Information confidential.

    **6.**    **Binding Effect of This Stipulated Order.** The terms of this Stipulated Order are binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and upon all persons to whom disclosure of confidential documents, discovery materials, or testimony are limited pursuant to the terms of this Stipulated Order and the Acknowledgment and Agreement To Be Bound that they have signed.

    **7.**    **Use of Confidential Information in Litigation.** The provisions of this Stipulated Order shall not apply to restrict the use of Confidential Information in connection with any deposition, discovery, proceeding, hearing, trial, or appeal in this action as provided herein.

    **8.**    **Right to Claim Confidentiality Preserved.** To the extent that Parties, their counsel, representatives working on this litigation, or retained consultants or experts must openly attest to or introduce Confidential Information into evidence, such use shall not constitute a waiver of the right to claim that such information is confidential, and the protected information shall be held in confidence by

any persons who have access to this information by virtue of their involvement in this litigation, including, but not limited to, those persons listed in Paragraph 5 above.

**9.     Custody and Safekeeping of Confidential Information.**  Counsel for Parties to which Confidential Information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information. The duplication of Confidential Information shall be limited to what is reasonably necessary for the conduct of this litigation.

**10.     Filing of Documents Containing Confidential Information with the Court.** Documents, pleadings, or transcripts containing Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation. Prior to any such filing, the Party seeking to file Confidential Information shall provide opposing counsel with sufficient notice in advance of the filing to allow for the seeking of an order of sealing or redaction from the Court, pursuant to Local Rule 14.1. If the Court denies the request to file the Confidential Information under seal, then the Party may file the information in the public record unless otherwise instructed by the Court.

**11.     Non-Termination of Stipulated Order.** The provisions of this Stipulated Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Party which produced such documents or, at the option of the producer, destroyed. To the extent that a Party seeks to have its documents returned, that Party shall bear the costs for transfer of the documents back to it. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 150 days after final termination of this litigation.

**12.     Declassification of Confidential Information.** In the event that a reviewing Party believes that discovery material designated as Confidential under this Stipulated Order is not protected information within the meaning and interpretation of this Stipulated Order and/or the Federal Rules of Civil Procedure, such reviewing Party shall first give written notice to all counsel of record, including counsel for the designating party, that the notifying Party no longer will abide by the terms of this Stipulated Order with respect to any specified item(s) previously designated pursuant to this Stipulated Order. Such notice shall be directed to all counsel by electronic mail or (with the date of the electronic mail constituting the receipt

date) or by personal delivery to counsel's office (personal delivery shall only be allowed Monday through Friday, between the hours of 9:00 a.m. and 5:00 p.m.). A party may thereafter challenge the designation of a document as "Confidential" in accordance with Local Rule 251. The Party that designated the information as Confidential Information shall have the burden at a hearing on such motion to establish that there is good cause for the Confidential Information to have such protection.

**13.  Return of Inadvertently Produced Privileged Documents.** Any inadvertent disclosure or production of documents protected by the attorney-client or attorney work product privileges shall not constitute a waiver of any privilege by the disclosing Party. In the event that the receiving Party discovers the disclosure or production it shall bring the matter to the attention of the producing Party and return the document upon request. In the event that the discovery is made by the producing Party, it may request the receiving Party to return the document, which request shall be promptly honored. In either such instance the receiving Party shall not photocopy the document and shall destroy any copies made prior to the discovery of the disclosure. The inadvertent failure to designate material as "Confidential" does not preclude a Party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Any failure to designate information as "Confidential" that was the result of mistake or oversight will not be deemed a waiver and may be cured by providing written notice thereof to Counsel for the receiving party. Upon receipt of such notice, Counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Stipulated Order.

**14.  Modification Permitted.** Nothing in this Stipulated Order shall prevent any Party from seeking modification of this Stipulated Order or from objecting to discovery that it believes to be otherwise improper.

**SO AGREED:**

/s/ John Briscoe (as authorized on 4/17/20)
Robert Wasserman
John Briscoe
Rachel Allgaier
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
(T): 209.477.3833
(F): 209.473.4818

ATTORNEYS FOR PLAINTIFF
JAWEED ASSAR

/s/ Rowena Santos
Rowena Santos
GREENBERG TAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
(T): 949.732.6500
(F): 949.732.6501
santosro@gtlaw.com

James N. Boudreau, Esq. (*pro hac vice*)
GREENBERG TAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
(T): 215.988.7800
(F): 215.988.7801
boudreauj@gtlaw.com

ATTORNEYS FOR DEFENDANT
LONGS DRUG STORES CALIFORNIA, LLC

**IT IS SO ORDERED**, with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: April 28, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2086.po